# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**FREDDY WALLS**                                                  **PETITIONER**

**VS.**                  **CASE NO. 5:05CV00068 SWW/HDY**

**LARRY NORRIS, Director,**
**Arkansas Department of Correction**                          **RESPONDENT**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Freddy Walls, an inmate in the custody of the Arkansas Department of Correction (ADC) as a result of his 1996 conviction following a trial in Pulaski County Circuit Court on the charges of two counts of kidnapping, rape, and second-degree battery. Petitioner was sentenced to a 240 month sentence of imprisonment. A direct appeal of his conviction, in which he challenged the sufficiency of the evidence only as it related to one count of kidnapping, was unsuccessful. On August 14, 1997, petitioner sought postconviction relief in state court pursuant to A.R.Cr.P. Rule 37. The trial court denied him relief on October 3, 1997. Petitioner next sought state habeas corpus relief, filing a petition on July 26, 2004. The circuit court denied relief on October 28, 2004.

The petition now before the Court, filed on March 3, 2005, advances four claims for relief:

1. Prosecutorial misconduct and prosecutorial discretion;

2. Denial of effective assistance of counsel;

3. Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant; and

      4. Due process considerations of state parole from the ADC and the Post Prison Parole Board.

Respondent contends that the statute of limitations bars consideration of this petition. Section 101 of 28 U.S.C. § 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that Mr. Walls should have filed his petition on or before October 7, 1998, and that the failure to do so is fatal to this action.

The respondent also contends that these grounds are not properly before this Court due to the petitioner's failure to adequately raise the grounds in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an

3

allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. l (l984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

By previous Court Order, Mr. Walls was informed of his opportunity to explain why his petition should not be dismissed as untimely and as procedurally barred. He has submitted explanatory pleadings to the Court.

The petition should be dismissed as barred by the statute of limitations. Respondent argues that petitioner's judgment became final on either July 8, 1997, or on October 7, 1997[1]. Giving the petitioner the benefit of the doubt, we will use the later date for purposes of our

---

[1] The respondent argues that the July 8, 1997, date is the proper calculation of when the judgment became final. However, the respondent acknowledges that October 7, 1997, might be argued as the correct date. The variance arises due to the fact that petitioner's direct appeal was to the Arkansas Court of Appeals, and he did not seek a petition for review from the Arkansas Supreme Court. The result using either date is the same. We need not, and do not, decide which of the dates is appropriate.

calculations. Under 28 U.S.C. § 2244(1)(d), petitioner was required to file his habeas petition within one year of that date. Mr. Walls signed his petition on February 10, 2005. Since *pro se* petitions are deemed filed when tendered to prison authorities for delivery to the Court, it is fair to use February 10 rather than the actual filing date of March 3, 2005, for calculation purposes. *Houston v. Lack*, 487 U.S. 266, 273-276 (1988). Even so, the petitioner failed by years to file a timely petition.

We note that subsection (d)(2) of section 2244 excludes from the calculation the time during which a properly filed application for state postconviction or other collateral review is pending. In Mr. Walls' case, this subsection is of no assistance since, at best, his Rule 37 petition was pending for only fifty days in 1997. Thus, even granting petitioner credit for this fifty day period does not affect the calculation.

The only issue remaining is whether the one-year time period was somehow tolled. In *Calderon v. United States District Court for Central District of California*, 112 F.3d 386 (9th Cir. 1997), the Ninth Circuit Court of Appeals held that the limitation period may be equitably tolled if "extraordinary circumstances" beyond a prisoner's control render it impossible for him to file a timely petition. *Id*. at 391. We find no circumstances to warrant the tolling of the time in this case.

We also find that the petition should be dismissed as procedurally barred. None of the claims advanced by Mr. Walls were thoroughly presented in state court. As previously noted, on direct appeal Mr. Walls raised only one claim – a challenge to the sufficiency of the evidence on one count of kidnapping. In his Rule 37 petition, the petitioner raised numerous claims, some of which might be construed as similar or the same as his claims in this case. However, he did not pursue an appeal in state court following the dismissal of his Rule 37 petition. A petitioner must advance his claims at each step of the state judicial process in order to avoid default. *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988).

As a result of failing to adequately raise his claims in state court, the petitioner must demonstrate cause and prejudice, as described in *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. Here, the petitioner argues in docket entries nos. 9 & 10 that his procedural default was caused by the errors and omissions of his attorney. However, "[a] claim of ineffective assistance of counsel must be presented to the state court as an independent claim before it may be used to establish cause for procedural default or denominated as a ground for habeas relief." *Leggins v. Lockhart*, 822 F.2d 764, 768 n.5 (8th Cir. l987). The petitioner failed to adequately present these claims in state court, and may not now advance them to combat the procedural default argument of the respondent.

The petitioner also claims to be actually innocent. He offers little argument to support this claim. We are guided by the Supreme Court in addressing this assertion:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Court goes on to set the standard required of Mr. Walls; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. Mr. Walls falls far short of satisfying the *Schlup* standard[2].

Having found no cause or prejudice for the petitioner's failure to fully press his claims in state court, and finding no merit in the petitioner's claim of actual innocence, we conclude that the claims of Mr. Walls are procedurally barred[3].

---

[2] The abstract of petitioner's direct appeal reflects the evidence against him was the direct testimony of the rape victim and the stabbing victim, along with medical and circumstantial testimony corroborating the victims' statements. The jury chose to disbelieve the petitioner's testimony at trial, and this petition is not a venue to reargue the finer points of the trial. He offers no new or reliable evidence to counter the version of the crime presented at trial.

[3] In addition to being time barred and procedurally defaulted, the fourth claim of Mr. Walls should be dismissed as it does not allege any constitutional violation. Rather, it appears to be a claim

In summary, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied due to the procedural default of the petitioner, as well as due to the petitioner's failure to file his petition within the allotted time.

IT IS SO ORDERED this __28__ day of July, 2005.

*/s/ H. Daniel Young*
_____
UNITED STATES MAGISTRATE JUDGE

---

based upon state law.